**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 13-4080
_____

NEFTALI T. BLISS,
                                      Appellant

v.

WARDEN ALLENWOOD
_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civil Action No. 3:13-cv-01958)
District Judge:  Honorable Edwin M. Kosik
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
February 12, 2014
Before:  FUENTES, GREENBERG and VAN ANTWERPEN, Circuit Judges

(Opinion filed:  March 10, 2014)

_____

OPINION
_____

PER CURIAM

    Federal prisoner Neftali T. Bliss appeals pro se from the District Court's denial of

his habeas petition filed pursuant to 28 U.S.C. § 2241.  For the reasons that follow, we

will affirm.

I.

Because we write primarily for the parties, who are familiar with the background of this case, we discuss that background only briefly here. During the relevant time period, Bliss was incarcerated at the Allenwood Low Security Federal Correctional Institution ("Allenwood") in White Deer, Pennsylvania.[1] In July 2012, an Allenwood correctional counselor issued an incident report against Bliss, charging Bliss with violating "Code 299 (most like 212), Conduct which Disrupts or Interferes with the Security or the Orderly Running of the Institution, most like, Engaging in or Encouraging a Group Demonstration." (Dist. Ct. Mem. 2 (internal quotation marks omitted).) The matter was ultimately referred to a Discipline Hearing Officer ("DHO"). In August 2012, after conducting a hearing, the DHO sustained the charge and imposed sanctions against Bliss. Those sanctions included, among other things, the disallowance of 27 days of good conduct time and the forfeiture of 60 days of non-vested good conduct time. Bliss's administrative appeals were unsuccessful.

In July 2013, Bliss filed a pro se habeas petition in the District Court pursuant to § 2241. The petition alleged that the DHO was not impartial, that the DHO denied Bliss the opportunity to present certain witnesses at the hearing, and that the DHO's decision was not supported by the evidence. The petition also claimed that Bliss's ability to "locate and identify" potential witnesses to the incident was hindered by his being placed in "the hole" after the incident.[2] The Government opposed the petition.

---

[1] He is now incarcerated at the Federal Correctional Institution in Loretto, Pennsylvania.
[2] It appears that "the hole" refers to the prison's Special Housing Unit.

On September 13, 2013, the District Court issued a memorandum and order denying Bliss's petition on the merits. The court concluded that (1) Bliss failed to show that the DHO was not impartial, (2) the record did not support Bliss's claim that he had been denied the opportunity to present witnesses at the hearing, and (3) the DHO's decision satisfied the "some evidence" standard set forth in Superintendent v. Hill, 472 U.S. 445 (1985). Bliss now appeals from the District Court's judgment.

## II.

We have jurisdiction over this appeal pursuant to 28 U.S.C. § 1291.[3] We review the District Court's denial of Bliss's habeas petition de novo, exercising plenary review over the court's legal conclusions and reviewing its findings of fact for clear error. See Vega v. United States, 493 F.3d 310, 314 (3d Cir. 2007). We "may affirm the District Court's judgment on any basis supported by the record." Murray v. Bledsoe, 650 F.3d 246, 247 (3d Cir. 2011) (per curiam).

For substantially the reasons provided by the District Court, we agree with its rejection of Bliss's claims that the DHO was not impartial, that the DHO denied Bliss the opportunity to present witnesses, and that the DHO's decision was not supported by the evidence. As for Bliss's claim that his placement in "the hole" prevented him from identifying witnesses to the incident, this claim has been waived. See Skretvedt v. E.I.

---

[3] Bliss does not need to obtain a certificate of appealability to proceed with this appeal. See United States v. Cepero, 224 F.3d 256, 264-65 (3d Cir. 2000) (en banc), abrogated on other grounds by Gonzalez v. Thaler, 132 S. Ct. 641 (2012).

DuPont de Nemours, 372 F.3d 193, 202-03 (3d Cir. 2004) (stating that "an issue is waived unless a party raises it in [his] opening brief") (quotation marks omitted). Even if this claim were not waived, it would still not entitle him to relief. Due process requires that an inmate facing the possible loss of good conduct time receive, among other things, the opportunity "to call witnesses and present documentary evidence in his defense when permitting him to do so will not be unduly hazardous to institutional safety or correctional goals." Wolff v. McDonnell, 418 U.S. 539, 566 (1974). This right does not require, however, placing the inmate in the general prison population as a means to facilitate his ability to identify the witnesses that he will call at the hearing. Even if the right *were* this broad, Bliss's filings in the District Court nevertheless failed to show that the outcome of this case may have been different if certain other witnesses had been called at the hearing.

We have considered Bliss's various arguments and conclude that none warrants relief here.[4] Accordingly, we will affirm the District Court's denial of his habeas petition.

_____

[4] We note that Bliss's brief, in a single sentence, refers to video footage of the incident. His habeas petition did not allege that prison officials ignored his requests for this footage (to the extent it indeed exists), but his later filings in the District Court insinuate as much. Assuming for the sake of argument that this allegation was adequately presented to the District Court and preserved for our review, none of Bliss's documentary evidence establishes that he requested that the footage be presented at the hearing or otherwise reviewed by the DHO. Cf. Burns v. Pa. Dep't of Corr., 642 F.3d 163, 173-75 (3d Cir. 2011). Under these circumstances, we cannot conclude that Bliss's allegation warrants disturbing the District Court's denial of habeas relief.